IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BARBARA CATHERINE JORDAN,

        Plaintiff,

v.

THE MCGRAW-HILL
COMPANIES, INC., and GLENN
LEWIN,

        Defendants.

1:10-cv-0400-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Barbara Catherin Jordan's ("Plaintiff") Motion to Remand [7].

### I.   BACKGROUND

This case involves a claim by Plaintiff that Defendants the McGraw Hill Companies, Inc. ("McGraw-Hill") and Glenn Lewin engaged in a scheme to defraud Plaintiff's former employer, Reed Construction Data, Inc. ("Reed"), and that, as a result of Defendants' alleged conduct, she was terminated from her employment with Reed.  On January 11, 2010, Plaintiff, seeking compensatory damages, punitive damages and attorneys' fees, filed her Complaint in the Superior Court of Gwinnett County, Georgia.  Plaintiff did not specify the amount in

controversy in the Complaint. On February 11, 2010, McGraw-Hill removed the case to this Court on the basis of diversity jurisdiction.

On March 31, 2010, Plaintiff filed an Amended Complaint. The Amended Complaint states that Plaintiff "does not consent to federal jurisdiction over this case or the removal of this case from state court to federal court." (Am. Compl. ¶¶ 3, 4.) The Amended Complaint does not specify the amount in controversy in her lawsuit.

Plaintiff moves to remand, arguing that Defendants have not established that the amount in controversy exceeds the statutory minimum of $75,000.

## II. DISCUSSION

A. <u>Removal</u>

"[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing defendant has the burden of proving that federal jurisdiction exists. <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353, 1356 (11th Cir. 1996), abrogated on other grounds, <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069 (11th Cir. 2000).

McGraw-Hill stated in its removal papers that federal jurisdiction is appropriate under 28 U.S.C. § 1332(a), which states, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) Citizens of different States . . . ."[1]  Id.

Where the propriety of removal is in question, the burden of showing removal is proper is on the removing party.  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  "[U]ncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

B.   Amount in Controversy

The amount in controversy is determined from the face of the complaint, "unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'"  Horton v. Liberty Mutual Insurance Company, 367 U.S. 348, 353 (1961).  Where the amount in controversy is not clear from the complaint, the party asserting removal jurisdiction "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  When a plaintiff makes a timely motion to remand, "the district court has

---

[1] Plaintiff does not dispute that the parties are diverse.

before it only the limited universe of evidence available when the motion to remand is filed – i.e., the notice of removal and accompanying documents." Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 (11th Cir. 2007). "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." Id. at 1215. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars. Id.

The Eleventh Circuit noted that "a removing defendant's counsel is bound by [Federal Rule of Civil Procedure] 11 to file a notice of removal only when counsel can do so in good faith" and that in a case with "only bare pleadings containing unspecified damages," it is "highly questionable whether a defendant could ever file a notice of removal on diversity grounds . . . without seriously testing the limits of compliance with Rule 11," since the defendant would lack direct knowledge of the value of the plaintiff's claims. Id. at 1215 n.63.

Plaintiff argues because her Complaint does not specify an amount in controversy, Defendants lack any basis to conclude the amount in controversy exceeds $75,000 and cannot demonstrate to the Court that diversity jurisdiction is

present. Plaintiff argues that because the removing party bears the burden of proving federal jurisdiction, remand is required. Williams, 269 F.3d at 1319.

McGraw-Hill contends that "amount in controversy in this case plainly exceeds $75,000 . . . because . . . Jordan's claim for damages is predicated on her alleged loss of employment from a position at which she earned well in excess of $75,000 per year." (Opp. at 2.) In Lowery, however, our Circuit rejected the idea that the amount in controversy can be divined from the "nature" of the claims at issue and instructed district courts not to engage in the "impermissible speculation" such an approach demands. 483 F.3d at 1220.

McGraw-Hill next argue that, prior to removal, it attempted to reach an agreement with Plaintiff that the amount in controversy does not exceed $75,000. Plaintiff refused to stipulate to a limitation on her damages. McGraw-Hill argues this itself is evidence that the amount in controversy exceeds the jurisdictional minimum. (Opp. 6-7.)

In Mills v. Keystone Lines Corp., 2007 WL 3479841 (N.D. Ga. October 31, 2007) (Forrester, J.), this court faced a similar case in which the plaintiff did not specify an amount in controversy. 2007 WL 3479841 at *1. The plaintiff in that case also moved to remand, and the Mills court, while recognizing the holding in

Lowery, concluded:

> In circumstances such as those here, however, the court finds the preferred course of action in order to protect a defendant's right to remove a complaint in which the relief sought exceeds the jurisdictional amount in controversy, and to prevent the plaintiff from taking one position in an effort to defeat a defendant's statutory right of removal and then another position in an effort to maximize his recovery at trial, is to grant Plaintiff's motion to remand but find that Plaintiff is judicially estopped from seeking damages greater than $75,000 in state court unless the state court judge determines that circumstances have changed. To do otherwise would be tantamount to permitting the perpetration of a fraud upon this court.

Id.  The Court finds the approach adopted in Mills to be sound and does justice to the parties in this action.  Plaintiff's motion to remand is granted, but Plaintiff shall be judicially estopped from claiming damages in excess of $75,000 unless the state court judge determines that circumstances have changed since the time Plaintiff moved to remand.[2]

### III.   CONCLUSION

For the foregoing reasons,

---

[2] The Court finds that this solution is all the more appropriate since Plaintiff amended her Complaint following removal and still challenged federal jurisdiction over this action.

**IT IS HEREBY ORDERED** that Plaintiff Barbara Catherine Jordan's Motion to Remand [3] is **GRANTED** and the Clerk of Court is **DIRECTED** to **REMAND** this action to the Superior Court of Gwinnett County, Georgia.

**IT IS FURTHER ORDERED** that Plaintiff shall be judicially estopped from claiming damages in excess of $75,000 in the state court unless the presiding judge determines that the circumstances have changed since the time Plaintiff moved to remand.

**SO ORDERED** this 11th day of May, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE